IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALAN ALONZO WILLIAMS,

    Defendant.

---

ORDER OF DETENTION

---

THIS MATTER came before the Court for a detention hearing on March 23, 2016.

The government is requesting detention in this case. The defendant did not contest detention and neither side offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court's docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and

1

convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

    (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

        (2)    the weight of the evidence against the person;

        (3)    the history and characteristics of the person including–

            (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

            (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant has two misdemeanor convictions and nine felony convictions and he has an extensive history of arrests and convictions for fraud and theft. The defendant has failed to

comply with probation on three occasions, which resulted in a revocation of probation; has failed to pay on at least one occasion; and absconded from parole.   Records from NCIC reflect that the defendant has used at least five alias names, two alias dates of birth, and two alias social security numbers and he has failed to appear on at least 10 occasions, which resulted in the issuance of a warrant.

Additionally, the Defendant has the following pending cases: ) Theft $20,000 or More (felony), 2-3) Forgery-Check/Commercial Instrument (felony), 4-10) Habitual Criminal (sentence enhancement) Denver County District Court, Case No. 2012CR525; 1) Identity Theft-Uses Information to Obtain (felony) 2-7) Habitual Criminal (sentence enhancement), Arapahoe County District Court, Case No. 2011CR2326; and 1) Criminal Impersonation -Gain Benefit (felony), 2) Criminal Possession of Financial Device- 4 Different Names (felony), 3) Identity Theft-Uses Information to Obtain (felony), Broomfield County District Court, Case No. 2016CR103.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   Further, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably insure the safety of other persons, including the defendant, or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   March 23, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge