IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     15-cr-00395-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALAN ALONZO WILLIAMS,

        Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXCLUSION OF
120 DAYS FROM THE SPEEDY TRIAL ACT**
_____

        Defendant, Alan Alonzo Williams ("Mr. Williams"), by and through counsel, Matthew C. Golla, Assistant Federal Public Defender, respectfully moves this Court to for an order excluding another 120 days from the speedy trial computations and extend the deadline for pretrial motions.  In support of this motion, Mr. Williams states as follows:

        1.      On October 2, 2015, a grand jury returned a four count indictment against Mr. Williams.  In counts 1 through 4, Mr. Williams is charged with Bank Fraud, in violation of 18 U.S.C. § 1344 and 2(b).

        2.      The Court has set a trial date of May 23, 2016.  Pretrial motions are due April 17, 2016.

        3.      18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the

delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(7)(B)(i) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in the miscarriage of justice."  An additional factor, set forth in 18 U.S.C.§3161(h)(7)(B)(iv) is whether the failure to grant such a continuance "would deny counsel for the defendant... the reasonable time necessary for effective preparation taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  Mr. Williams submits that this case meets this criteria and respectfully requests that the Court exclude 120 days from the Speedy Trial calculations.

In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself."(internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir.1992)).

In *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir 1987), the Circuit outlined certain factors to consider when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the following:

 A.  <u>The diligence of the party requesting the continuance</u>

After counsel's initial review of discovery, it is clear that the investigation required to prepare for trial will necessitate the time requested.  An initial evaluation of this case indicates that there are approximately 8,000 pages of discovery which need to be reviewed and examined.

The four counts of bank fraud are based on four separate applications, with each loan supported by various financial documents that need to be evaluated separately by the defense.

These records are quite extensive encompassing numerous financial records. Preparation will entail reviewing the bank records and related financial documentation. For example, one of alleged false representations made to WebBank relates to ownership of the names borrower's house in Denver, That in turn, relates to a $900,000 loan from Aurora Loan Services to purchase the home. Documentation supporting this particular loan includes bank records, W-2's, earning statements, employment, and tax records.

Another allegation in the indictment is that of a fraudulent $800,000 loan to Mr. Williams business, Williams' Vending Company ("WVC"). Complex documentation supporting this loan includes WVC invoices, bank accounts, personal assets, records, tax records, and managerial qualifications of the applicant. These complex documents need to be reviewed and analyzed.

Approximately five separate bank accounts were allegedly involved in the acquired loans outlined in the indictment. Counsel for Mr. Williams will have to review these bank accounts in conjunction with the separate loan applications.

Several of the loans described in the indictment were Small Business Administration ("SBA") guaranteed loans. Required documentation for this type of loan is usually more voluminous since the SBA requires extensive qualifying paperwork. For example, a personal guarantee of the applicant was required with this particular loan, as well as documentation regarding the applicant's personal history and managerial experience.

In addition, two other loans which the government is likely to designate as 404(b) evidence, both SBA loans, will also need to be reviewed for purposes of trial. The supporting

documentation underlying all of these loans are complex financial documents consisting of business contracts, asset and liability sheets, and invoices.

Mr. Williams provided a two hour interview to investigating agents on the day of his arrest.  This interview and the preceding events will need to be analyzed and researched with respect to a potential motion to suppress.

Finally, there are several witnesses who are located out of state.  Additional time will be needed to locate, schedule and interview these witnesses.

While each case is different, in undersigned counsel's experience, white collar cases similar to those alleged here, may involve more complex pretrial motions.  Given the volume of discovery in this case, the defense cannot reasonably review all of the discovery, analyze potential defenses and the need for expert witnesses, interview and retain any expert witnesses, by late May of 2016.  To provide effective representation, a continuance of the current deadline is needed.

    B. <u>The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance</u>

A continuance of the trial in this matter would allow adequate time for counsel to accomplish the purposes set forth above as the need for the continuance.  Mr. Williams requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations.

4

C. <u>The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance</u>:

There is no information to suggest that the government or its witnesses would be inconvenienced by this requested continuance.  As set forth above, the government does not oppose this motion.  Counsel is not aware of any inconvenience that will result to this Honorable Court as a result of this requested continuance, but Counsel  respectfully cannot  presume in any given instance that the Court would or would not be inconvenienced by this request.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.

D. <u>The need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance</u>:

The need for the continuance is great.  Without such a continuance, counsel for the defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

Until all the discovery is reviewed, the necessary investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.  The harm that would result by this Court's denial of the request for a continuance would be great as it would deprive the defendant of adequate and competent counsel.  Without the requested continuance, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

Under the factors set forth in *West*, *supra*, as well as the teachings of *Williams, supra, United States v. Toombs*, 475 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 2009 WL 45547801 *4-7 (08-1273)(10th Cir. December 7, 2009), even exercising due diligence

5

undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

    4.    Because it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself without the normal speedy trial limits, the Defendant respectfully requests that this Court vacate all current trial dates and allow a significant additional period of time to prepare this case for trial.  As a result, the defense respectfully requests that the Court exclude 120 days from the Speedy Trial limits.

    5.    Undersigned counsel has contacted Assistant United States Attorney Linda Kaufman and she does not oppose this motion.

    WHEREFORE, Mr. Williams respectfully moves this Court for an order excluding 120 days from the speedy trial computations, vacating the May 23, 2016 trial, the deadline for filing of pretrial motions, and all related deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Matthew C. Golla
MATTHEW C. GOLLA
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado    80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: Matt_Golla@fd.org
Attorney for Defendant

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2016, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXCLUSION OF 180 DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Linda Kaufman, Assistant United States Attorney
      Linda.Kaufman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Alan Williams      *via U.S. mail*

      s/Matthew C. Golla
      MATTHEW C. GOLLA
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      matt.golla@fd.org
      Attorney for Defendant