**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALAN ALONZO WILLIAMS,

    Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE
AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

---

    Defendant Alan Alonzo Williams ("Defendant"), by his undersigned counsel, requests an additional sixty-day continuance of the status conference currently set in this matter for 9:00 A.M. on Thursday, November 10, 2016 ("Motion"), and that this additional time be excluded from calculations under the Speedy Trial Act.

    This is the third request to continue this status conference, but this continuance is necessary to permit conclusion of four pending felony cases against Mr. Williams in a coordinated global disposition.  Undersigned counsel has diligently worked to coordinate this coordinated global disposition, but additional time is needed to complete that work.  In further support of this Motion, Defendant states as follows:

    1.    Defendant has been in federal custody since his arrest in this case on March 18, 2016.  That same day, the Federal Public Defender was appointed to represent Defendant.

4231848

2.      On April 15, 2016, Defendant filed a motion to exclude 120 days under the Speedy Trial Act, principally based on the complexity of the case and extensive discovery in need of review, and on May 6, 2016, the Court heard argument on Defendant's motion. The Court granted Defendant's motion, setting a revised pre-trial motions deadline of Monday, August 8, 2016, with responses due by Friday, August 26, 2016.

3.      In granting Defendant's motion, the Court excluded the time period from May 6, 2016 through October 3, 2016, a period of approximately 153 days.

4.      On July 15, 2016, the Federal Public Defender filed a motion to withdraw as counsel for Defendant. On July 19, 2016, the Court granted the motion to withdraw.

5.      On July 27, 2016, undersigned counsel filed his Entry of Appearance in this case.

6.      On August 8, 2016, Defendant, via undersigned counsel, filed a motion to extend pre-trial deadlines and exclude time under the Speedy Trial Act. This motion sought additional time for newly appointed counsel to review the extensive discovery in this case and evaluate the need for filing of motions.

7.      After a hearing on August 24, 2016, the Court granted Defendant's motion, and excluded the time from October 3, 2016, to October 13, 2016, from calculations under the Speedy Trial Act.

8.      On October 12, 2016, Defendant, via undersigned counsel, filed a motion to continue the status conference and exclude time under the Speedy Trial Act. This motion sought additional time for counsel to pursue the global resolution of three state felony cases pending against Mr. Williams along with this federal case. In addition to this pending matter, the

Defendant has unresolved state criminal cases pending in the City and County of Denver, Arapahoe County, and Broomfield County.

9. Prior to appointment of the undersigned, no effort had been made to coordinate the resolution of the cases pending against Mr. Williams. Effective representation of Mr. Williams, judicial economy and the ends of justice require an effort to coordinate the disposition of these cases.

10. The Court granted Defendant's motion, re-set the status conference to November 10, 2016 at 9:00 A.M., and excluded the time from October 13, 2016 to November 14, 2016, from calculations under the Speedy Trial Act.

11. Since that time, the undersigned has arranged for Ms. Amanda Bailhache of the Office of the Colorado State Public Defender for Boulder and Broomfield Counties to represent Mr. Williams in the Broomfield County case and work to conclude that part of a proposed global disposition. Due to the press of other business, and a previously scheduled vacation, Ms. Bailhache has not completed her work to enter the case, review discovery and meet with Mr. Williams. Communications between Mr. Williams and Mr. Bailhache are complicated by the fact that Mr. Williams is in custody in another jurisdiction, and Ms. Bailhache has not yet met with Mr. Williams. Ms. Bailhache is aware that this extension of time is sought to allow her to complete that work.

12. Also since that time, the undersigned has arranged for Ms. Stephanie Grismer of the Office of the Colorado State Public Defender for Denver County to represent Mr. Williams in the Denver state case and to conclude that part of the proposed global disposition. Communications between Mr. Williams and Ms. Grismer are complicated by the fact that

3

Mr. Williams is in custody in another jurisdiction.  Ms. Grismer advises that the prior public defender file was partially destroyed, and thus she is reopening that file and seeking related discovery.  Due to these circumstances and the press of other business, Ms. Grismer has not completed her work to enter the case, review discovery and meet with Mr. Williams.  Ms. Grismer is aware that this extension of time is sought to allow her to complete this work.

13. Mr. Williams is represented in the Arapahoe County state case by Jake Taufer of the Arapahoe County office of the State Public Defender.  Mr. Taufer has been working toward a global disposition that includes that case, and has met with Mr. Williams.  The Arapahoe County case is scheduled for a sentencing hearing on November 18, 2016.

14. Conclusion of these cases will necessarily require transportation of Mr. Williams to Broomfield, Denver, and Arapahoe Counties from the federal detention center, which will require writs and significant coordination of schedules of the involved courts and attorneys.  This process will take additional time.

15. Since the date of the last scheduled status conference, the undersigned has made over thirteen telephone calls and six separate e-mail communications with other counsel for Mr. Williams, some extensive, in an effort to complete these global disposition discussions.  During this period, undersigned counsel has visited with Mr. Williams on three separate occasions to update him and seek approval of these efforts.  Justice and judicial economy require that these discussions be completed, and the delay in completing them is not the fault of Mr. Williams, who remains in custody at the federal detention center.

16. This Motion incorporates and adopts Defendant's earlier motions to exclude time under the Speedy Trial Act, as well as the Court's subsequent orders.  The reasoning cited

4

therein is equally valid today. *See United States v. West*, 828 F.2d 1468 (10th Cir. 1987), and *United States v. Toombs*, 475 F.3d 1262 (10th Cir. 2009).

17. Since the Court granted the Defendant's last motion for additional time, undersigned counsel has continued to vigorously pursue a "global resolution" of Defendant's four pending criminal cases. Undersigned counsel's efforts have involved multiple discussions with prosecutors from each of the three separate jurisdictions, discussions with multiple Public Defenders, and researching the consequences of potential global resolution that Defendant faces in his pending cases. Because of other commitments, however, Mr. Williams' court-appointed attorneys in Broomfield and Denver have been as of yet unable to meet with Mr. Williams to discuss how their cases are affected by this proposed global resolution. Undersigned counsel has kept the government generally advised of these discussions.

18. Though substantial progress has been made towards a "global resolution" of Defendant's four pending cases, Defendant requests a final continuance to complete or forego the "global resolution" and allow undersigned counsel "the reasonable time necessary for effective preparation taking into account the exercise of due diligence" prior to the status conference in this case. *See* 18 U.S.C. §3161(h)(7)(B)(iv). Defendant makes this Motion not for purposes of delay, but so undersigned counsel may finish performing due diligence in attempting to reach a global resolution that includes discussions with state authorities. This extension should be sufficient to accomplish this purpose, and the Government will not be inconvenienced by this request. Pursuant to 18 U.S.C. § 3161(h)(7)(A), Defendant asks that this extension of time be excluded from the Speedy Trial Act because the ends of justice served by this delay outweigh the best interest of the public and Defendant in a speedy trial.

5

19. Defendant also makes this request so as to avoid any potential "miscarriage of justice" resulting from the premature termination of Defendant's efforts at achieving a "global resolution" of his four pending cases. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Undersigned counsel has invested substantial efforts investigating Defendant's pending cases, and believes that "global resolution" can be achieved within this additional 60-day period.

20. Undersigned counsel has discussed this Motion with Defendant, who agrees that a continuance of the status conference and exclusion of this additional time period under the Speedy Trial Act are in Defendant's best interests.

21. Undersigned counsel has discussed this Motion with counsel for the Government, Assistant U.S. Attorney Linda Kaufman. Ms. Kaufman is not opposed to the Motion.

Defendant respectfully requests a sixty-day extension of the status conference scheduled in this matter for November 10, 2016, to and until approximately January 12, 2017, and that the time period from November 14, 2016 through the new hearing date, approximately January 12, 2017, be excluded from the calculation under the Speedy Trial Act.

Respectfully submitted this 8th day of November, 2016.

      */s/ Michael J. Gallagher*
Michael J. Gallagher
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  (303) 892-9400
Mike.Gallagher@dgslaw.com

Attorney for Defendant Alan Alonzo Williams

## CERTIFICATE OF SERVICE

I certify that on November 8, 2016, I electronically filed the foregoing *DEFENDANT'S UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      /s/ Lynell E. Buchele
      Lynell E. Buchele