IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-CR-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALAN ALONZO WILLIAMS,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Change of Plea)

_____

      Proceedings before the HONORABLE ROBERT E. BLACKBURN,

Judge, United States District Court for the District of

Colorado, commencing at 9:04 a.m., on the 12th day of January,

2017, in Courtroom A1001, United States Courthouse, Denver,

Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Tracy Weir, 901 19th Street,
Room A258, Denver, Colorado 80294, (303) 298-1207

1          **APPEARANCES**

2              LINDA KAUFMAN, Assistant U.S. Attorney, 1801

3     California Street, Suite 1600, Denver, Colorado 80202,

4     appearing for the plaintiff.

5              MICHAEL GALLAGHER, Attorney at Law, Davis Graham &

6     Stubbs, LLP-Denver, 1550 17th Street, Suite 500, Denver,

7     Colorado 80202, appearing for the defendant.

8                         *   *   *   *   *

9                         **PROCEEDINGS**

10             (In open court at 9:04 a.m.)

11             *THE COURT:*  Good morning, and thank you.  Please be

12    seated.

13             Very well.  This is case 15-cr-00395, identified as

14    United States of America versus Alan Alonzo Williams,

15    defendant.

16             The matter comes before this Court for change of plea

17    hearing.  Thus, commencing with the Government and

18    transitioning to the defense, Counsel, good morning.  May I

19    have your appearances, please.  Ms. Kaufman.

20             *MS. KAUFMAN:*  Good morning, Your Honor.  Linda Kaufman

21    on behalf of the United States.  With me is Timothy Chase from

22    the Internal Revenue Service criminal investigations.

23             *THE COURT:*  Good morning.

24             *MR. GALLAGHER:*  Good morning, Your Honor.  Michael

25    Gallagher with the defendant, Mr. Williams, who is present

1    also.

2         *THE COURT:*  Good morning.

3         I have received, read, and reviewed the proposed Plea

4    Agreement.  Importantly and initially, it includes the

5    documents required under the local rules of this United States

6    District Court.  Thus, there is a Plea Agreement now marked as

7    Court's Exhibit 1 and a Statement by Defendant in Advance of

8    Plea of Guilty now marked as Court's Exhibit 2.

9         Importantly, the originals of Court's Exhibits 1 and 2

10   should remain with Mr. Williams during this change of plea

11   hearing.

12        At this time, I respectfully request that Mr. Williams

13   and his counsel, Mr. Gallagher, report to the podium, please.

14   Gentlemen, I thank you both.

15        Mr. Williams, good morning.  Please raise your right

16   hand now to be sworn by the Court.  Thank you.

17        (Defendant sworn.)

18        *THE DEFENDANT:*  Yes, Your Honor.

19        *THE COURT:*  Mr. Williams, please understand your oath

20   is important.  Indeed, it is solemn.  Please understand that if

21   you make a false statement to me during this Change of Plea

22   hearing, any false statement could be used against you by the

23   Government in another criminal case and prosecution here in

24   federal court on such charges as perjury or making a false

25   statement.  Do you understand that?

1        *THE DEFENDANT:*  Yes, Your Honor.

2        *THE COURT:*  This Change of Plea hearing is a

3  critically important hearing for you in your case so, of

4  course, please pay close attention.

5        If you fail to hear or understand something that I say

6  or ask, or if you have questions or concerns during the

7  hearing, please make those matters known to me either directly

8  or with the assistance of your attorney, Mr. Gallagher.  Will

9  you do that?

10        *THE DEFENDANT:*  Yes, Your Honor.

11        *THE COURT:*  Now, during this hearing, I'm going to use

12  the term "Written Plea Agreement" frequently.  When I do, I'm

13  referring to your Plea Agreement now in writing in the

14  originals of Court's Exhibits 1 and 2 which are in your

15  possession.  Do you understand that?

16        *THE DEFENDANT:*  Yes, Your Honor.

17        *THE COURT:*  Mr. Williams, how old are you?

18        *THE DEFENDANT:*  54 years old.

19        *THE COURT:*  How many years of formal education do have

20  you?

21        *THE DEFENDANT:*  14 years, Your Honor.

22        *THE COURT:*  Do you have any problems reading, writing,

23  speaking, or understanding English?

24        *THE DEFENDANT:*  No, Your Honor.

25        *THE COURT:*  Are you now under the influence of or

1    impaired in any way by drugs, narcotics, marijuana, alcohol,

2    medications, or any intoxicant?

3              *THE DEFENDANT:*  No, Your Honor.

4              *THE COURT:*  To your knowledge as a layperson, do you

5    suffer from a mental illness or emotional disability?

6              *THE DEFENDANT:*  No, Your Honor.

7              *THE COURT:*  Finally, is there anything about the way

8    you feel this morning physically, emotionally, or otherwise

9    that prevents you from clearly understanding these proceedings?

10             *THE DEFENDANT:*  No, Your Honor.

11             *THE COURT:*  Mr. Williams, importantly, are you

12   prepared to proceed?

13             *THE DEFENDANT:*  Yes, Your Honor.

14             *THE COURT:*  Your attorney, Mr. Michael Gallagher, is

15   literally with you by your side at the podium.  Did he have

16   your authority, permission, and consent to engage in plea

17   bargaining on your behalf with the attorney for the Government?

18             *THE DEFENDANT:*  Yes, Your Honor.

19             *THE COURT:*  The operative charging document in this

20   case is the Indictment returned by the grand jury on October 7,

21   2015, and docketed as docket No. 1.

22        Have you received, read, and reviewed that four-count

23   Indictment carefully and thoroughly?

24             *THE DEFENDANT:*  Yes, Your Honor.

25             *THE COURT:*  Have you reviewed it and discussed it

1    carefully and thoroughly with your attorney?

2            *THE DEFENDANT:*  Yes, Your Honor.

3            *THE COURT:*  Do you understand that although you are

4    charged with four counts, your plea of guilty will be to Count

5    1 of that Indictment?

6            *THE DEFENDANT:*  Yes, Your Honor.

7            *THE COURT:*  Mr. Gallagher, I inquire, does

8    Mr. Williams demand or waive a formal reading now by the Court

9    of the Indictment?

10           *MR. GALLAGHER:*  We waive the formal reading, Your

11   Honor.

12           *THE COURT:*  Thank you.

13           Now, Mr. Williams, please pay close attention as I

14   state for the record my understanding of the essential terms of

15   your Plea Agreement.  When I'm finished, I'm going to ask you

16   and these attorneys to confirm my understanding.

17           It's no secret.  I'm taking my information about your

18   Plea Agreement from your Plea Agreement; specifically, Court's

19   Exhibit 1, the original of which you have with you at the

20   podium.

21           It is my understanding, Mr. Williams, that during this

22   Change of Plea hearing, you will enter an informed, voluntary,

23   knowing, and unconditional plea of guilty to the crime charged

24   in Count 1 of the Indictment, the crime of bank fraud in

25   violation of federal law at Title 18 United States Code Section

1    1344 and 2(b).

2           That you will be convicted of this serious felony

3    offense of bank fraud.

4           That at the time of your sentencing hearing, which, of

5    course, is not today, the Government will move to dismiss with

6    prejudice, which means forever and irrevocably, all remaining

7    counts and crimes with which you are charged in the Indictment.

8           Additionally, the Government will not pursue further

9    criminal charges against you based on information known to the

10   office of the United States Attorney for the District of

11   Colorado as of today's date.

12          The Government also agrees to recommend a sentence to

13   imprisonment within the applicable advisory sentencing

14   guideline range once properly determined by this Court,

15   excluding any downward departure.

16          I'm moving to page 2.

17          You and the Government agree that restitution is

18   mandatory, and that restitution in this case is in the amount

19   of $1,146,828.28.

20          That subject only to the exceptions stated expressly

21   in your Plea Agreement, you are waiving your right to appeal

22   any sentence that I impose and your right to collaterally

23   attack later any component of your prosecution, conviction, and

24   sentencing.

25          Lastly, but important to both you and me, the sentence

1    to be imposed has been entrusted to my judgment and discretion

2    as the judge in your case.

3              This is my understanding of the Plea Agreement.  Is it

4    correct from the perspective of Government, Ms. Kaufman?

5              *MS. KAUFMAN:*  Yes, Your Honor.

6              *THE COURT:*  And from of that the defense,

7    Mr. Gallagher?

8              *MR. GALLAGHER:*  Yes, sir.

9              *THE COURT:*  Mr. Williams, from your unique perspective

10   as the defendant, the person charged in this criminal case in

11   federal court, have I got it right?  Have I completely and

12   accurately stated the essential terms of your Plea Agreement?

13             *THE DEFENDANT:*  Yes, Your Honor.

14             *THE COURT:*  Now, Mr. Williams, I direct your attention

15   to your Plea Agreement in writing in the originals of Court's

16   Exhibits 1 and 2 which remain in your possession.  Have you

17   read your written Plea Agreement in its entirety?

18             *THE DEFENDANT:*  Yes, Your Honor.

19             *THE COURT:*  Word for word?

20             *THE DEFENDANT:*  Yes, Your Honor.

21             *THE COURT:*  Did you then understand and do you now

22   understand what you read?

23             *THE DEFENDANT:*  Yes, Your Honor.

24             *THE COURT:*  Have you reviewed and discussed your

25   written Plea Agreement in its entirety carefully and thoroughly

1    with your attorney, Mr. Gallagher?

2              *THE DEFENDANT:*  Yes, Your Honor.

3              *THE COURT:*  Are you now satisfied and confident that

4    you understand everything in your written Plea Agreement?

5              *THE DEFENDANT:*  Yes, Your Honor.

6              *THE COURT:*  Conversely, do you now have any questions

7    or concerns about anything in your written Plea Agreement?

8              *THE DEFENDANT:*  No, Your Honor.

9              *THE COURT:*  Importantly, have you executed, or signed,

10   your written Plea Agreement, speaking of the originals of

11   Court's Exhibits 1 and 2?

12             *THE DEFENDANT:*  Yes, Your Honor.

13             *THE COURT:*  When you signed your written Plea

14   Agreement, did you do so voluntarily?

15             *THE DEFENDANT:*  Yes, Your Honor.

16             *THE COURT:*  Did you then also have the benefit of the

17   advice and assistance of your attorney, Mr. Gallagher?

18             *THE DEFENDANT:*  Yes, Your Honor.

19             *THE COURT:*  Mr. Williams, most importantly, are you

20   now formally requesting that this Court receive, accept, and

21   approve your Plea Agreement as stated in writing in the

22   originals of Court's Exhibits 1 and 2?

23             *THE DEFENDANT:*  Yes, Your Honor.

24             *THE COURT:*  Mr. Williams, as the defendant; again, the

25   individual charged in this criminal case in federal court, you

1  have many important constitutional and legal rights and

2  privileges.  Do you understand that?

3           *THE DEFENDANT:*  Yes, Your Honor.

4           *THE COURT:*  Have you reviewed and discussed your

5  important legal rights carefully and thoroughly with

6  Mr. Gallagher?

7           *THE DEFENDANT:*  Yes, Your Honor.

8           *THE COURT:*  Nevertheless, please be patient and

9  attentive as I advise you of your important legal rights.

10          Mr. Williams, you have the right to be represented at

11 all times in these criminal proceedings in federal court by an

12 attorney.  If you want one but cannot retain one or afford one,

13 the Court will appoint an attorney to represent you at the

14 expense of the Government.

15          You also have the associated legal right to the

16 effective, or competent, assistance of your legal counsel.

17          You have the right to enter a plea of not guilty to

18 any crime with which you are charged by Indictment in this

19 case, and even now, right now, you have the right to persist

20 with your existing pleas of not guilty.  In other words, no one

21 can force or compel you to enter a plea of guilty to anything.

22          In this criminal case in federal court, the

23 Government, Ms. Kaufman, not you, the defendant, has the burden

24 of proof, which requires for a conviction proof beyond a

25 reasonable doubt, which is the highest standard of proof in our

1    federal criminal justice system.

2         This means, among other things, Mr. Williams, that as

3    the defendant, you are not expected or required to prove

4    anything in this case, including and especially your own

5    innocence.

6         You have an absolute right to remain silent, and no

7    one can force or compel you to testify against yourself or to

8    incriminate yourself.

9         You, of course, have the right to a trial to a jury

10   consisting of not less than 12 of our citizens whose verdict or

11   verdicts must be unanimous.

12        You have the right to a speedy trial as defined under

13   our Constitution and the Speedy Trial Act of 1974.

14        If your case went to trial, and it is not because of

15   this Plea Agreement, you have the right to require the

16   Government to prove each element required by law for the

17   commission and conviction of the crime of bank fraud beyond a

18   reasonable doubt.

19        At trial, you have the right, with the help of your

20   attorney, to cross-examine all witnesses called against you by

21   the Government.

22        At trial, once the Government presents its evidence

23   against you, you have the right to choose, either to testify in

24   your own behalf as a part of your defense, or to say nothing at

25   all, to remain absolutely silent, in which case at your request

1    I would instruct your jurors that they may not use your silence

2    against you in any way during your trial.

3            At trial, you have the right to call your own

4    witnesses, compelling their attendance, if necessary, by court

5    ordered and issued subpoenas.

6            At trial, you have the right to present your own

7    evidence, the right to present a defense, and under our system,

8    if you are financially unable to make that important

9    presentation, don't worry.  It will be made, but at the expense

10   of the Government.

11           Finally, if after a trial you are convicted and

12   sentenced, then you have the right to appeal to a court higher

13   than this Court.  Do you understand each of these important

14   legal rights that you have in your case?

15           *THE DEFENDANT:*  Yes, Your Honor.

16           *THE COURT:*  Do you have any questions now for me about

17   any of your legal rights?

18           *THE DEFENDANT:*  No, Your Honor.

19           *THE COURT:*  Please understand next, with the exception

20   of the important right to an attorney, even if indigent, when

21   you enter your plea of guilty during this hearing to the crime

22   of bank fraud charged in Count 1 of the Indictment, you are

23   waiving, giving up now and forever, your other important legal

24   rights, including your right to a trial to a jury.  Do you both

25   understand and accept that important part of your Plea

1    Agreement?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Your Plea Agreement in Court's Exhibit 1

4    contains what we call a waiver of appeal, which is presented on

5    page 2 of Court's Exhibit 1.  Let's discuss that waiver.

6              Ordinarily, you would have the right to appeal to a

7    higher court not only any sentence I imposed on you, but the

8    manner in which I determined that sentence.  Do you understand

9    that?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  However, in your Plea Agreement, you are

12   waiving, or giving up, that important right subject only to the

13   three exceptions stated expressly in subparagraph 5.  Do you

14   understand and accept that important part of your Plea

15   Agreement?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Then let us discuss those three

18   exceptions.

19             Exception No. 1.  If at your sentencing hearing, for

20   some incomprehensible reason, I attempt to impose a sentence

21   greater than that authorized by law -- that's not likely to

22   happen -- but if I do, you would then have the right to appeal

23   such an obviously illegal sentence to a higher court.  Do you

24   understand this first exception?

25             THE DEFENDANT:  Yes, Your Honor.

1        *THE COURT:*  Exception No. 2.  If the sentence I impose

2   exceeds the maximum sentence within the advisory sentencing

3   guideline range that applies to a total offense level of 20,

4   then you may appeal your sentence to a higher court.  Do you

5   understand this second exception?

6        *THE DEFENDANT:*  Yes, Your Honor.

7        *THE COURT:*  Finally, exception No. 3.  If the

8   Government appeals the sentence I impose, then you may appeal

9   the sentence I impose.  In fact, you may then appeal on any

10  ground that is properly available to you following the entry of

11  a plea of guilty.  Do you understand this third exception?

12        *THE DEFENDANT:*  Yes, Your Honor.

13        *THE COURT:*  Let's move on.  Ordinarily, albeit in

14  extremely limited factual and legal circumstances, and in a

15  relatively short period of time, you may be able to bring a

16  special legal proceeding attacking the legality of your

17  prosecution and/or your conviction and/or your sentencing.  Do

18  you understand that?

19        *THE DEFENDANT:*  Yes, Your Honor.

20        *THE COURT:*  However, in your Plea Agreement, you are

21  waiving, or giving up, that right to bring such a collateral

22  attack; again, subject only to the three exceptions expressly

23  stated in subparagraph 6 of your Plea Agreement.  Do you

24  understand and accept this important part of your Plea

25  Agreement?

1        *THE DEFENDANT:*  Yes, Your Honor.

2        *THE COURT:*  As before, let's focus on the three

3   exceptions.  Exception No. 1.  If, after I impose sentence on

4   you, the law changes in your favor and is made retroactive to

5   the time of your sentencing, then you might be able to bring a

6   special legal proceeding to receive a reduced, or lesser,

7   sentence.  Do you understand this first exception?

8        *THE DEFENDANT:*  Yes, Your Honor.

9        *THE COURT:*  Exception No. 2.  If you have a claim that

10  your attorney was ineffective or incompetent in violation of

11  your constitutional rights, then you might be able to bring a

12  special legal proceeding to correct that constitutional

13  violation.  Do you understand this second exception?

14       *THE DEFENDANT:*  Yes, Your Honor.

15       *THE COURT:*  Exception No. 3.  If you have a claim that

16  the Government, during your prosecution, engaged in misconduct

17  so extreme that it violated your constitutional rights, then

18  you might be able to bring a special legal proceeding to

19  correct that constitutional violation.  Do you understand that

20  third exception?

21       *THE DEFENDANT:*  Yes, Your Honor.

22       *THE COURT:*  Any questions for me about the waiver

23  appeal provisions in subparagraphs 5 and 6 on page 2 of Court's

24  Exhibit 1?

25       *THE DEFENDANT:*  No, Your Honor.

1          *THE COURT:*  Now, please remain in Court's Exhibit 1

2     where I direct your attention to --

3          *MR. GALLAGHER:*  Your Honor, he was asking me a

4     question.  May I have just a second?

5          *THE COURT:*  You may.  Thank you.  I had my head down.

6          (Pause in proceedings.)

7          *MR. GALLAGHER:*  Thank you, Your Honor.

8          *THE COURT:*  You're welcome.

9          Mr. Williams, next I want to discuss with you that

10    which is described in your Plea Agreement as elements of the

11    offense.  That important information appears in Court's Exhibit

12    1 on page 3 under II, aptly entitled "Elements of the Offense."

13          By elements of the offense, your Plea Agreement is

14    describing those elements, those things, facts, conditions, and

15    circumstances required by federal law for the commission and

16    conviction of the crime of bank fraud, which is now made the

17    focus of your Plea Agreement, and because there will be no

18    trial it describes those elements that you are admitting

19    unconditionally when you enter your plea of guilty to bank

20    fraud later in this hearing.  Do you understand what I mean by

21    elements of the offense?

22          *THE DEFENDANT:*  Yes, Your Honor.

23          *THE COURT:*  The elements required by federal law for

24    the commission and conviction of bank fraud as you are charged

25    in Count 1 of the Indictment are as follows:

1          One.  That you, the defendant, knowingly executed or

2     attempted to execute a scheme or artifice to defraud a

3     financial institution or to obtain money or property from the

4     financial institution by means of false or fraudulent

5     pretenses, representations, or promises.

6          Two.  The target financial institution was an

7     institution, the deposits in which were insured by the FDIC.

8          Three.  That you acted with the intent to defraud.

9          Four.  The false or fraudulent pretenses,

10    representations, or promises that you made or willfully caused

11    another to make were material, meaning that they would

12    naturally tend to influence or were capable of influencing the

13    decision of the target financial institution.  Do you

14    understand each and all of these four elements required by

15    federal law for the commission and conviction of the crime of

16    bank fraud with which you are charged in Count 1 of the

17    Indictment?

18          *THE DEFENDANT:*  Yes, Your Honor.

19          *THE COURT:*  Any questions for me about any one or more

20    of these essential elements?

21          *THE DEFENDANT:*  No, Your Honor.

22          *THE COURT:*  Thank you.  Please remain in Court's

23    Exhibit 1 where I now direct your attention to page 4;

24    specifically, to V, "Stipulation of Facts."  This part V of

25    your Plea Agreement begins on page 4, continues for several

1    pages, and concludes eventually at the top of page 14.

2           Mr. Williams, I have five important questions for you

3    about this part V of your Plea Agreement.  Question No. 1.

4    Have you read this part V of your Plea Agreement in its

5    entirety?

6           *THE DEFENDANT:*  Yes, Your Honor.

7           *THE COURT:*  Word for word?

8           *THE DEFENDANT:*  Yes, Your Honor.

9           *THE COURT:*  Question No. 2.  Did you then understand

10   and do you now understand what you read in part V of your Plea

11   Agreement?

12          *THE DEFENDANT:*  Yes, Your Honor.

13          *THE COURT:*  Question No. 3.  Have you reviewed and

14   discussed this part V of your Plea Agreement carefully and

15   thoroughly with your attorney, Mr. Gallagher?

16          *THE DEFENDANT:*  Yes, Your Honor.

17          *THE COURT:*  Question No. 4.  Are the facts stated in

18   part V of your Plea Agreement complete and accurate, from your

19   perspective and in your opinion?

20          *THE DEFENDANT:*  Yes, Your Honor.

21          *THE COURT:*  Finally, and importantly, question No. 5.

22   Mr. Williams, did you do the things that are stated as fact in

23   this part V of your Plea Agreement?

24          *THE DEFENDANT:*  Yes, Your Honor.

25          *THE COURT:*  Very well.  Let us discuss sentencing.  I

1    begin by reiterating that under the terms of your Plea

2    Agreement, the sentence to be imposed has been entrusted to my

3    judgment and discretion as the judge in your case.  Do you both

4    understand and accept this important part of your Plea

5    Agreement?

6              *THE DEFENDANT:*  Yes, Your Honor.

7              *THE COURT:*  This means, Mr. Williams, that I will not

8    be bound necessarily, either now, right now, or later at the

9    time of your sentencing hearing, by what anyone may have told

10   you, promised you, or predicted for you about the sentence that

11   I will impose.  Do you understand that?

12             *THE DEFENDANT:*  Yes, Your Honor.

13             *THE COURT:*  Instead, under the terms of your Plea

14   Agreement, I may impose any sentence permitted by law up to and

15   including the maximum sentence and penalty authorized by law.

16   Do you understand that?

17             *THE DEFENDANT:*  Yes, Your Honor.

18             *THE COURT:*  Please understand next that in my

19   consideration and eventual imposition of sentence on you, I

20   must consider several important factors.  First, I must

21   consider the goals and purposes of the federal sentencing

22   statute.  Second, I must consider carefully the provisions of

23   the now advisory United States Sentencing Guidelines as they

24   apply to you, your history and characteristics, the crime of

25   bank fraud in Count 1, its nature and circumstances, and then

1   all other relevant conduct.  Third, I must consider and resolve

2   any motion for a sentence departure or a sentence variance,

3   whether upward or downward.  Finally, I must consider carefully

4   certain individual sentencing needs found in our federal

5   sentencing statute.

6        Now, there's not going to be a test on those, but do

7   you, in a general way, understand those important factors?

8        THE DEFENDANT:  Yes, Your Honor.

9        THE COURT:  Now, I really said all of that to conclude

10  by saying this.  At your sentencing hearing, if I reject any

11  recommendation that is good for you, or if I deny any motion

12  that is good for you, other than the Government's obligatory

13  motion to dismiss with prejudice the other counts of the

14  Indictment, or if I impose any sentence or penalty with which

15  you disagree or object, listen carefully, you may not then

16  withdraw or take back the plea of guilty you enter this

17  morning.  Do you understand this clearly and completely?

18       THE DEFENDANT:  Yes, Your Honor.

19       THE COURT:  Now, I must advise you concerning the

20  maximum possible sentences and penalties, or as I often say,

21  the worst case scenario.

22       At your sentencing hearing, for a conviction of bank

23  fraud as charged in Count 1 of the Indictment, I could sentence

24  you to a term of imprisonment up to 30 years, 360 months, which

25  could be followed by an additional term of supervised release

1  of not more than five years, 60 months, and/or I could impose a

2  fine of, in the alternative, not more than $1 million or the

3  greater of twice the gross gain or twice the gross loss from

4  your bank fraud.  Do you understand those maximum possible

5  sentences and penalties?

6           *THE DEFENDANT:*  Yes, Your Honor.

7           *THE COURT:*  Any questions for me about those maximums?

8           *THE DEFENDANT:*  No, Your Honor.

9           *THE COURT:*  Lastly on this topic, at your sentencing

10  hearing, I will enter an order requiring you to pay a special

11  victim's fund assessment of $100.  Do you understand this

12  requirement also?

13           *THE DEFENDANT:*  Yes, Your Honor.

14           *THE COURT:*  Now, Mr. Williams, please understand that

15  your felony conviction in this case in all probability will

16  cause you to suffer, perhaps personally, politically, socially,

17  financially, or otherwise.  Do you understand that?

18           *THE DEFENDANT:*  Yes, Your Honor.

19           *THE COURT:*  This felony conviction will undoubtedly

20  cause you to lose certain civil rights, including the right

21  ever to possess or use a firearm, the right to vote, the right

22  to hold an elective office, and the right to serve on any type

23  of jury.  Do you understand these probable adverse consequences

24  to you?

25           *THE DEFENDANT:*  Yes, Your Honor.

1          *THE COURT:*  Now, important to me, Mr. Williams, have

2   you reviewed and discussed with Mr. Gallagher the direct and

3   collateral consequences that you may experience as a result of

4   this felony conviction in this case?

5          *THE DEFENDANT:*  Yes, Your Honor.

6          *THE COURT:*  And do you now have any questions for me

7   about any of those possible consequences to you?

8          *THE DEFENDANT:*  No, Your Honor.

9          *THE COURT:*  Mr. Williams, importantly, has anyone

10  forced you or threatened you to participate in this Plea

11  Agreement or to enter a plea of guilty to the crime of bank

12  fraud charged in Count 1 of the Indictment?

13         *THE DEFENDANT:*  No, Your Honor.

14         *THE COURT:*  Has anyone, including your attorney,

15  Mr. Gallagher, made any promises or representations to you

16  about your case, your Plea Agreement, or my sentence, things of

17  which I'm now unaware?

18         *THE DEFENDANT:*  No, Your Honor.

19         *THE COURT:*  In your opinion, Mr. Williams, and I don't

20  care about anybody else's for the moment, have you now had

21  sufficient time to read, review, discuss, and consider your

22  written Plea Agreement?

23         *THE DEFENDANT:*  Yes, Your Honor.

24         *THE COURT:*  Have you also now had sufficient time to

25  review and discuss your written Plea Agreement carefully and

1    thoroughly with Mr. Gallagher?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Have you discussed with Mr. Gallagher your

4    defense or defenses, if any, in this case?

5                THE DEFENDANT:  No, Your Honor.

6                THE COURT:  Have you discussed with Mr. Gallagher what

7    you could reasonably expect to happen at a trial had you

8    elected to proceed to trial?

9                THE DEFENDANT:  Yes, Your Honor.

10               THE COURT:  And have you discussed with Mr. Gallagher

11   all of the other options and alternatives that you have in this

12   case other than this specific Plea Agreement which you and I

13   are discussing?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  All things considered, Mr. Williams,

16   albeit in an imperfect world, is this Plea Agreement, the one

17   stated in the originals of Court's Exhibits 1 and 2, the option

18   that you now want and choose to resolve this case and these

19   charges against you?

20               THE DEFENDANT:  Yes, Your Honor.

21               THE COURT:  Now, in your case generally and during

22   this hearing and concerning your Plea Agreement specifically,

23   you've been represented by your attorney, Mr. Michael

24   Gallagher, who remains by your side with you at the podium.

25   Are you satisfied with Mr. Gallagher as your attorney?

1          *THE DEFENDANT:*  Yes, Your Honor.

2          *THE COURT:*  Has he answered all of your questions, if

3    any?

4          *THE DEFENDANT:*  Yes, Your Honor.

5          *THE COURT:*  Has he addressed all of your concerns, if

6    any?

7          *THE DEFENDANT:*  Yes, Your Honor.

8          *THE COURT:*  Do you now have any complaints,

9    criticisms, or objections whatsoever about Mr. Gallagher as

10   your attorney?

11         *THE DEFENDANT:*  No, Your Honor.

12         *THE COURT:*  Mr. Williams, having come this far, and

13   with the assistance of Mr. Gallagher, have you heard me and

14   understood me?

15         *THE DEFENDANT:*  Yes, Your Honor.

16         *THE COURT:*  Consistent with the solemn oath you took

17   at the beginning of this Change of Plea hearing, have you

18   answered each of my questions completely and honestly?

19         *THE DEFENDANT:*  Yes, Your Honor.

20         *THE COURT:*  Think hard, not that you haven't been.

21   But after all of this, do you now have any questions or

22   concerns that you want me to consider or address?

23         *THE DEFENDANT:*  No, Your Honor.

24         *THE COURT:*  Thank you.

25         Counsel, for purposes of the required factual basis

1    and subject to your objection, I intend to rely on my file as

2    constituted and on the record as developed pro tanto now to

3    include, importantly, my plea colloquy with Mr. Williams this

4    morning, and the Plea Agreement presented in the originals of

5    Court's Exhibits 1 and 2.  Any objection by the Government,

6    Ms. Kaufman?

7              *MS. KAUFMAN:*  No, Your Honor.  Thank you.

8              *THE COURT:*  You're welcome.

9              Or by the defense, Mr. Gallagher?

10             *MR. GALLAGHER:*  No objection, Your Honor.

11             *THE COURT:*  Counsel, I intend to do precisely that.

12             Counsel, do you need an opportunity now to supplement

13   the record further for the limited purpose of this Change of

14   Plea hearing?  Anything further by the Government?

15             *MS. KAUFMAN:*  No, Your Honor.

16             *THE COURT:*  Anything further by the defense?

17             *MR. GALLAGHER:*  No, sir.

18             *THE COURT:*  Mr. Gallagher, I, therefore, presume that

19   Mr. Williams is prepared to be arraigned again on Count 1 of

20   the Indictment.  Is my presumption correct?

21             *MR. GALLAGHER:*  Yes, sir.

22             *THE COURT:*  To facilitate this rearraignment, does

23   Mr. Williams first seek leave of the Court to withdraw his

24   existing plea of not guilty to Count 1?

25             *MR. GALLAGHER:*  Yes, sir.

1        *THE COURT:*  His request is granted.  The existing plea

2    of not guilty of Mr. Williams to Count 1 of the Indictment is

3    withdrawn.

4        Mr. Gallagher, does Mr. Williams demand or waive

5    further formal arraignment by the Court on Count 1 of the

6    Indictment?

7        *MR. GALLAGHER:*  He waives, Your Honor.

8        *THE COURT:*  Very well.

9        Mr. Williams, we have arrived at that proverbial

10   moment of truth.  I want you to focus on Count 1 of the

11   Indictment in which you are charged with bank fraud because

12   that's the count, that's the crime made the focus of your Plea

13   Agreement and the subject of our lengthy discussion.

14       Mr. Williams, I ask you, what plea do you now enter to

15   the crime charged in Count 1 of the Indictment, the crime of

16   bank fraud in violation of 18 U.S.C. Section 1344 and 2(b)?

17   What is your plea, please?

18       *THE DEFENDANT:*  Guilty.

19       *THE COURT:*  Thank you.

20       Mr. Williams, for now, you may return to your seat and

21   be seated.

22       Mr. Gallagher, before you do and are, would you please

23   deliver to the courtroom deputy clerk the completed and

24   executed originals of Court's Exhibits 1 and 2.

25       *MR. GALLAGHER:*  Yes, Your Honor.

1        *THE COURT:*  And I thank you.

2        Please be seated, Counsel.  Thank you.

3        Very well.  As soon as practicable, but mercifully for

4   all of us not now, I will enter electronically findings of fact

5   and conclusions of law commensurate with the record developed

6   during this Change of Plea hearing.

7        However, in reliance on those anticipated findings and

8   conclusions, it is now ordered as follows:

9        That the originals of Court's Exhibits 1 and 2 shall

10  be included in the Court's CM/ECF system because they state and

11  represent the Plea Agreement of these parties.

12       That the plea of guilty entered by Mr. Williams

13  pursuant to his Plea Agreement to Count 1 of the Indictment is

14  received, accepted, and approved.

15       That, accordingly, Mr. Williams is now found guilty of

16  the crime charged in Count 1 of the Indictment, the crime of

17  bank fraud, in violation of 18 U.S.C. Section 1344 and 2(b).

18       That as required by 18 U.S.C. Section 3552 and Federal

19  Rules of Criminal Procedure 32(c) and (d), the probation

20  department shall conduct a presentence investigation and file a

21  presentence report.

22       That Mr. Gallagher, as counsel for Mr. Williams, shall

23  contact the probation department as soon as practicable

24  following the conclusion of this hearing to arrange, schedule,

25  and coordinate the participation of Mr. Williams in the

 1  required presentence investigation.

 2          Mr. Gallagher, I inquire for the record, but I suspect

 3  rhetorically.  Will you do that?

 4          *MR. GALLAGHER:*  Yes, sir.

 5          *THE COURT:*  That Mr. Williams shall cooperate fully

 6  with the probation department during his presentence

 7  investigation.

 8          *THE DEFENDANT:*  Yes, Your Honor.

 9          *THE COURT:*  Mr. Williams, will you do that?

10          *THE DEFENDANT:*  Yes, Your Honor.

11          *THE COURT:*  Thank you.

12          That, for the record, any pending nonCJA pretrial

13  motion filed by or on behalf of Mr. Williams is now denied.

14          And that by ostensible agreement of all, this case is

15  continued for sentencing to April 6, 2017, commencing at 10:00

16  a.m.

17          *MR. GALLAGHER:*  Your Honor, may I make a request about

18  that date?

19          *THE COURT:*  You may.

20          *MR. GALLAGHER:*  I have not discussed this with counsel

21  for the Government.  This was raised by Mr. Williams.

22          *THE COURT:*  You're about to begin the discussion.

23          *MR. GALLAGHER:*  Yes.  If you may have noticed him

24  limping to the podium, he has some medical problems, including

25  a hernia and some other things.  He's been told that -- he's

1   been in custody on this matter nearly a year and they're likely

2   to be taking care of some of these medical issues in the next

3   bit of time.  So he tells me that one of the counselors he

4   talked to thinks this may be happening.

5          Our request would be that the Court consider the

6   sentencing be set into May to get the medical condition taken

7   care of.

8          THE COURT:  Ms. Kaufman?

9          MS. KAUFMAN:  I have no objection.

10         THE COURT:  Grab your calendars, please.  We'll reset

11  it.

12         Here is what I prefer to do.  As I scan my calendar,

13  it is horribly congested immediately subsequent to the date and

14  time that was offered as a tentative date for sentencing.

15         I propose we preserve the date of April 6, 2017, and

16  then if Mr. Williams finds himself unable physically or

17  medically to attend, I'll anticipate his motion to continue and

18  reset sentencing.

19         Any objection to, for now, proceeding on that basis?

20         MS. KAUFMAN:  No, Your Honor.

21         MR. GALLAGHER:  That's fine, Your Honor.  I'll

22  investigate whether it will be a problem with that date pretty

23  promptly.  If we need the change, we'll ask quickly.

24         THE COURT:  Very well.  Thank you.

25         That, for now, this matter is continued for sentencing

1    hearing to April 6, 2017, commencing at 10:00 a.m., then

2    mountain daylight time, at which Mr. Williams shall appear

3    before the Court in this case without further notice or order

4    of the Court.

5            Provided further that, to the extent necessary, the

6    United States Marshal for the District of Colorado shall assist

7    the Court in securing the appearance of Mr. Williams.

8            And that pending sentencing or further proceedings,

9    the custody of Mr. Williams is remanded to the United States

10   Marshal for continued detention.

11           All done in open court effective immediately.

12           Further business by the Government, Ms. Kaufman?

13           *MS. KAUFMAN:*  No.  Thank you, Your Honor.

14           *THE COURT:*  You're welcome.

15           Or by the defense, Mr. Gallagher?

16           *MR. GALLAGHER:*  No.  Thank you, Your Honor.

17           *THE COURT:*  Very well.  Counsel, a pleasure as always.

18           A special thanks to these deputy United States

19   Marshals present and serving the Court.  Men, good morning, and

20   thank you.

21           Very well.  Please close the record in this case.  The

22   Court is in recess but, darn it, only until 10:00 a.m.

23           Madam Clerk.

24           (Court stood in recess at 9:47 a.m.)

25

1                              *  *  *  *  *

2                      **REPORTER'S CERTIFICATE**

3       I certify that the foregoing is a correct transcript from

4   the record of proceedings in the above-entitled matter.  Dated

5   at Denver, Colorado, this 6th day of April, 2018.

6

7                                      *S/Tracy Weir*
                                       Tracy Weir
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25