# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALAN ALONZO WILLIAMS,

    Defendant.

## UNOPPOSED MOTION TO CONTINUE SENTENCING AND DUE DATE FOR SUPPLEMENTAL SENTENCING ARGUMENT

      Defendant, Alan Alonzo Williams, by and through counsel, requests that the sentencing in this matter, current scheduled for June 27, 2018 at 2:00 p.m., be continued until sometime in September 2018.  .Counsel further requests that the court continue the date set by which he is required to file his supplemental sentencing argument (presently set for June 15, 2018) until a date two weeks after the return date on the re-issued subpoenas requested herein.   In support of this Motion to Continue Sentencing Hearing ("Motion"), Defendant states as follows:

      1.    On January 12, 2017, Williams pled guilty pursuant to a plea agreement with the United States. On that date, the Court set Defendant's sentencing hearing for April 6, 2017 at 10:00 A.M.

**Medical Treatment Issues**

      3.    Since the original setting, the sentencing hearing has been continued

several times to address the defendant's health issues, most significantly a debilitating hernia condition.

3. Since Mr. Williams heath issue was first brought to the attention of the Court, he has repeatedly been scheduled for surgery and repeatedly the surgery did not occur. Surgery was first schedule for March 22, 2017, however, it did not occur. His condition was not addressed again until October 24, 2017 when surgery was ordered for a target date of November 28, 2017. However, surgery was not actually performed until January 24, 2018. See Exhibit 1. During this period he was in substantial pain and could not ambulate without crutches.

4. Soon after the surgery was performed it became clear to Mr. Williams that the surgery failed. He remained in pain and still could not ambulate without crutches.

5. Until only recently, Mr. Williams continued to raise this issue with the health services at FDC. He was told he would be taken back to be re-evaluated. This was repeated scheduled but never occurred until recently. He actual did not see the surgeon until June 1, 2018. On June 1, 2018, he received a cat scan which indicated that he again needed surgery to re-repair the hernia. He was told this would be scheduled.

6. Mr. Williams has met with the Warden of FDC. The Warden informed Mr. Williams that the facility had "dropped the ball" in getting him prompt treatment. The Warden told Mr. Williams that he had investigated the situation and believed that the corrective surgery could be arranged if his sentencing was continued until September. The Warden informed Mr. Williams he would do everything he could to "get it done" timely and wanted to assist Mr. Williams with getting the re-repair

done at FDC knowing the uncertainty of this happening if he were transferred to a new facility.

7. Were Mr. Williams to be sentenced prior to receiving surgery, he would end up at a new facility and in effect go to "the bottom of the list" with respect to receiving treatment. He would lose any chance for continuity of care with the chance to have the doctor most familiar with his condition, and who did the original surgery, re-repair the hernia.

8. Mr. Williams knows and accepts that he is facing a lengthy period of incarceration. He simply wants the chance to serve his sentence with this significant health problem resolved. At the same time he has degenerative joint disease in his right knee. He will "ultimately" need a total knee replacement. See Exhibit 2. He is aware that it is unlikely that the Bureau of Prisons will be able to provide him a replacement. Thus, this is a condition for which he will have to compensate during his sentence. He is hoping that the hernia problem can be resolved before he is sentenced so that the knee is the only disability for which he has to compensate. Even so, it is clear that Mr. Williams will remain on crutches until he gets a knee replacement which is likely some years from now.

9. Mr. Williams is aware that the matter has been continued on several occasions, but begs the Court to give him a chance to resolve his hernia condition when it appears that it will be soon resolved.

**The Marshall's Service Failure to Serve Subpoenas**

10. One of Mr. Williams concerns which led to the appointment of new counsel related to Mr. Williams desire to obtain Wells Fargo bank records that would support arguments that would be made in an additional Supplemental Defendant's Sentencing Memorandum counsel would file.

11.     Similar evidence has previously been subpoenaed.  However, the materials he requested new counsel to obtain covered a broader period of time and included a request for certain materials not previously requested and/or not previously provided.

12.     Counsel filed a request to issue subpoenas for these Wells Fargo records on April 12, 2018 (Doc. #86 Ex Parte).  The subpoenas were thereafter issued and electronically forwarded to the Marshall's service on April 13, 2018.  (Doc. # 89).  For reasons unclear to counsel, the Marshall's service never recognized that they have been sent the subpoenas for service.  When counsel discovered this and notified the Marshall's service, they proceed to serve the subpoenas, but service was obtained on May 2, 2018.  This was a day after the return date specified in the subpoenas, May 1, 2018.  Accordingly, Wells Fargo refused to provide the records because the return date had passed.

13.     On May 7, 2018, counsel filed a renewed motion requesting the subpoenas to Wells Fargo be reissued with a return date of June 4, 2018.  Counsel requested the Wells Fargo subpoenas be re-issued and a new subpoena be issued to Chase Bank for additional records.  The Court granted this motion and issued the subpoenas on May 8, 2018.  Counsel had told the Marshall's service this would be happening.  Counsel was then out of the country for some period of time.  Upon returning to the country and checking with the court on June 4, 2018 to obtain the materials requested, counsel discovered that the Chase Bank subpoena had been served and Chase had filed a response.  However, the Wells Fargo subpoenas had <u>again</u> not been served.  Upon contacting the Marshall's service to determine why the subpoenas had not been served, counsel was informed that there had been some confusion and it was not realized that there were two sets of

subpoenas. Counsel has now been assured by the supervisor that if the subpoenas were re-issued he would personally serve them immediately.

14. Were this motion granted, counsel would immediately file a request that the subpoenas be issued a third time. There would need to be a return date in approximately thirty days to give Wells Fargo time to comply.

**Position of Government**

15. On June 7, 2018, counsel for Mr. Williams conferred with AUSA Rebecca Weber about this request. The government does not oppose this request.

**Conclusion and Further Statement of Grounds**

Mr. Williams recognizes that he is again requesting a significant delay. However, this delay will not prejudice the government, and is necessary to ensure that his medical treatment will not be delayed by a sentencing date in the near term and to allow him to provide the Court documentary evidence in support of his sentencing arguments.

Dated: June 11, 2018.

Respectfully submitted,

*s/ Steven K. Jacobson*
Steven K. Jacobson
Collins, Rafik and Jacobson LLC
1881 9th St., Suite 315
Boulder, Colorado 80302
Telephone: 303-444-9292
Fax: 303-447-0200
e-mail: steve@collinsrafik.com

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on JUNE 11, 2018, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE SENTENCING AND DUE DATE FOR SUPPLEMENTAL SENTENCING ARGUMENT** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all counsel of record in this case.

*s/ Steven K. Jacobson*
Steven K. Jacobson