# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ALAN ALONZO

    WILLIAMS, Defendant.

---

**REQUEST FOR ORDER DIRECTING FACILTY TO PROVIDE A MEDICAL EVALUATION AND AN EXPLANATION OF WHETHER MR. WILLIAMS WILL RECEIVE TREATMENT PRIOR TO SENTENCING**

---

    Defendant, Alan Alonzo Williams, by and through counsel, requests this Court to enter an order directing the authorities at the Federal Detention Center to provide the Court a medical evaluation detailing if Mr. Williams will receive a cat scan and surgery to repair his hernia prior to sentencing.

    Counsel has conferred with AUSA Rebecca Webber as to this motion and Ms. Weber informed counsel she takes no position as to this motion.

    In support of this Motion for Order, Defendant states as follows:

    1.    This matter was originally set for sentencing on April 6, 2017 at 10:00 A.M.  The sentencing was continued on the motion of the Defendant in order for him to receive surgery for his hernia condition.  As noted in previous motions to continue, he had repeatedly been scheduled for surgery and repeatedly the surgery had not occurred.  Surgery was first schedule for March

1

22, 2017; however, it did not occur. His condition was not addressed again until October 24, 2017 when surgery was ordered for a target date of November 28, 2017. However, surgery was not actually performed until January 24, 2018. Counsel is aware of no reason why it took eight months for the facility to arrange for the surgery. Counsel has now spoken to the surgeon's office and has been informed that the doctor, Richard Tilquist, is usually available for surgery within two weeks of a request to schedule.

2. Soon after the surgery was performed it became clear to Mr. Williams that the surgery failed. He remained in pain. Mr. Williams continued to raise this issue with the health services at FDC. He was told he would be taken back to be re-evaluated. This was repeated scheduled but never occurred until June 1, 2018, a four month period. On June 1, 2018, he received a cat scan which indicated that he again needed surgery to re-repair the hernia. He was told the surgery would be scheduled.

3. Mr. Williams was then not returned to see the surgeon until the last week of August 2018, an almost three month period. The surgeon told Mr. Williams and the FDC staff that surgery was necessary and he needed an additional cat scan to guide the surgical procedure. In conversations with Dr. Tilquist's staff, counsel has been informed that the new cat scan can be scheduled quickly and that as mentioned above, surgery could occur approximately two weeks thereafter.

4. Mr. Williams has been informed by the FDC medical staff that they are aware of his sentencing date and he is "on their schedule."

5. It is now been an additional two months since a new cat scan was

2

supposed to be scheduled for Mr. Williams and nothing has happened. Given the prior history, counsel is extremely concerned that the cat scan, much less surgery, even if "scheduled," will not occur prior to the next sentencing date which is less than two months away.

6. Counsel believes the government had not objected to the continuances in this case and the Court granted them in order to prevent Mr. Williams from having to go to a new facility without receiving surgery. In such case, he would go to "the bottom of the list" with respect to receiving treatment. He would lose any chance for continuity of care with the chance to have the doctor most familiar with his condition, and who did the original surgery, re-repair the hernia.

7. Clearly, Mr. Williams' surgery is a medical necessity.

8. Mr. Williams is aware that the Court "cannot order that the Defendant receive any particular treatment within this context of this case . . . ", *U.S. v. Bencomo-Chacon*, 2007 WL 2021850 (not reported in F.Supp. 2d), p.2. And, that his alternatives are to assert civilly that his Eighth Amendment rights are being violated, see *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) and/or that he should be granted a modification of the conditions of his detention so that he can seek treatment out of custody. However, Mr. Williams is scheduled for sentencing and:

> "(u)nder 18 U.S.C. § 3553(a), one of the factors the Court must consider in sentencing the Defendant is "the need for the sentence imposed ... to provide the defendant with needed ... medical care[.]" This requires an accurate assessment of what the Defendant's current medical condition is, what treatment he needs, and whether and where he can receive such treatment while incarcerated . . .

Therefore, pursuant to both 18 U.S.C. § 3145 and 18 U.S.C. §

3

3553(a), the Court concludes that it is within the Court's authority to direct that a pretrial detainee such as the Defendant be provided with a medical evaluation.

*Id.*

9.      Accordingly, Mr. Williams request the Court enter the order as requested herein directing that the Court be provided a medical evaluation detailing if Mr. Williams will receive a cat scan and surgery prior to the presently scheduled sentencing date.

Dated:  October  29, 2018.

Respectfully submitted,

*s/ Steven K. Jacobson*
Steven K. Jacobson
Collins, Rafik and Jacobson LLC
1881 9th St., Suite 315
Boulder, Colorado  80302
Telephone:  303-444-9292
Fax:  303-447-0200
e-mail:  steve@collinsrafik.com

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 26, 2018, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all counsel of record in this case.

*s/ Steven K. Jacobson*
Steven K. Jacobson

4