RE: Case No. 1:15-CR-00395-REB

Page 1 of 3

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2018

JEFFREY P. COLWELL
CLERK

Your Honor,

I'm submitting this letter in regards to myself, Alan Alonzo Williams (defendant), requesting that Steven K. Jacobson be withdrawn as my counsel.

D.C. COLO. LAttyR 5(b) allows for withdrawl of counsel "on motion showing good cause." "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987) (internal quotation marks omitted). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney, rather, there must be a total breakdown in communication." United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002) (quotation omitted). In considering such a motion, courts look at "(1) whether the request was timely; (2) whether the defendant-attorney conflict was so great that it led to a total lack of communication and prevented the preparation of an adequate defense; and (3) whether the defendant was at fault for the conflict."

Cont.

See Romero v. Furlong, 215 F.3d 1107, 1113 (10th Cir. 2000).

## ARGUMENT

Defendant seeks the withdrawl of Mr. Jacobson due to the complete breakdown of communication between defendant and counsel. See United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002) This breakdown is due to more than mere strategic disagreements, but an irreconcilable conflict that has rendered meaningful communication with Mr. Jacobson impossible. Communications have been very strained between defendant and Mr. Jacobson for many months and yesterday December 14th, 2018, defendant asked counsel to withdraw, and ceased communications with counsel regarding sentencing. This situation presents an irreconcilable conflict between defendant and counsel and constitutes good cause for counsel to withdraw.

Due to this inability to communicate, defendant feels that counsel is unable to effectively represent the defendant at sentencing. Defendant also feels that it is impossible for counsel to continue to provide defendant with effective

Cont,

assistance of counsel in this case." See United States v. Ali, 375 F. Supp. 2d 1289, 1290 (D.N.M. 2005) (granting motion to withdraw).

Defendant recognizes that this request to withdraw comes six days before defendant's sentencing hearing. However, this total breakdown in communication between defendant and counsel nonetheless merits counsel's withdrawl. See United States v. Hammons, No. CR 07-1164 JB, 2010 WL 4928923, at *3 (D.N.M. Oct. 28, 2010) (granting motion to withdraw two days before sentencing where there was a "total breakdown in communication" between attorney and client).

## CONCLUSION

Defendant respectfully requests that counsel be withdrawn and that substitute counsel be appointed.

Date this 12th day of December, 2018.

Alan Alonzo Williams #43473-013
Federal Detention Center
9595 West Quincy Avenue
Littleton, CO. 80123-1159