United States District Court
Honorable Judge: Robert E. Blackburn
ALFRED A. ARRAJ COURTHOUSE
Courtroom A1001
901 - 19th Street
Denver, CO. 80294-3589

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 03 2019

JEFFREY P. COLWELL
CLERK

RE: 15-CR-00395-REB

Your Honor,

I'm submitting this letter in regards to myself, Alan Alonzo Williams, requesting that Steven K. Jacobson be withdrawn as my counsel.

I requested a withdrawal of counsel back in March 2019, which I withdrew the motion in writing, but I didn't request for the April 25th, 2019 court date to be vacated based on the conversation with Mr. Jacobson advising me that the judge most likely will want us in court to discuss this issue. I then expected the date of April 25th, 2019 to occur but then I was notified by counsel that the April 25th, 2019 date was vacated.

D.C. COLO. L Atty R5(b) allows for withdrawal of counsel "on motion showing good cause." "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v.

1 of 4

Cont;

Padilla, 819 F.2d 952, 955 (10th Cir. 1987) (internal quotation marks omitted). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney, rather there must be a total breakdown in communications." United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002)(quotation omitted). In considering such a motion, courts look at "(1) whether the request was timely; (2) whether the defendant-attorney conflict was so great that it led to a total lack of communication and prevented the preparation of an adequate defense and (3) whether the defendant was at fault for the conflict." See Romero v. Furlong, 215 F.3d 1107, 1113 (10th Cir. 2000).

## ARGUMENT

Defendant seeks the withdrawal of Mr. Jacobson due to the complete breakdown of communication between defendant and counsel. See United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002). This breakdown is due to

Cont,

more than mere strategic disagreements, but an irreconcilable conflict that has rendered meaningful communication with Mr. Jacobson impossible. Communications have been very strained between defendant and Mr. Jacobson for many months, and as of Monday, June 3rd, 2019 or Tuesday, June 4th, 2019 defendant will have asked counsel to withdraw; and cease communications with counsel regarding sentencing. This situation presents an irreconcilable conflict between defendant and counsel, and constitutes good cause for counsel to be withdrawn.

Due to this inability to communicate, defendant feels that counsel is unable to effectively represent the defendant at sentencing. "Defendant also feels that it is impossible for counsel to continue to provide defendant with effective assistance of counsel in this case." See United States v. Ali, 375 F. Supp. 2d 1289, 1290 (D. N. M. 2005) (granting motion to withdraw).

Defendant recognizes that this request for withdrawal comes twenty

Cont;

(20) days before defendants sentencing hearing. However, this total breakdown in communication between defendant and counsel nonetheless merits counsel withdrawal. See United States v. Hammons No. CR07-1164 JB, 2010 WL 4928923, at *3 (D.N.M. Oct. 28, 2010) (granting motion to withdraw two days before sentencing where there was a "total breakdown in communication" between attorney and client).

## CONCLUSION

Defendant respectfully requests that counsel be withdrawn and that substitute counsel be appointed.

Dated this 30th day of May, 2019