**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Robert E. Blackburn**

| | |
|---|---|
| Date: | June 19, 2019 |
| Deputy Clerk: | Leigh Roberson |
| Court Reporter: | Tracy Weir |
| Probation Officer: | Kyla Hamilton |

| | |
|---|---|
| Criminal Action No. 15-cr-395-REB | Counsel: |
| UNITED STATES OF AMERICA, | Rebecca Weber |
| Plaintiff, | |
| v. | |
| ALAN ALONZO WILLIAMS, | Steven Jacobson |
| Defendant. | |

## SENTENCING MINUTES

**2:06 p.m.    Court in session.**

Appearances of counsel. Defendant is present in custody.

Court's opening remarks.

The parties have received and reviewed the presentence report and all addenda.

Also pending before the Court relevant to sentencing are the following:

- Government's Response to Presentence Report [ECF 51], filed April 7, 2017
- Government's Motion Pursuant to U.S.S.G. § 3E1.1(b) [ECF 52], filed April 7, 2017
- Government's Motion to Dismiss Counts [ECF 53], filed April 7, 2017
- Defendant's Response to Presentence Report [ECF 55], filed June 15, 2017
- Defendant's Sentencing Memorandum and Motion for Downward Departure and Variance [ECF 58], filed August 3, 2017
- Government's Response to Defendant's Sentencing Statement [ECF 67], filed November 2, 2017
- Defendant's Supplemental Sentencing Memorandum [ECF 68], filed November 8, 2017

- Defendant's Supplemental Sentencing Information Regarding Health Issues [ECF 69], filed November 13, 2017
- Defendant's Second Supplemental Sentencing Memorandum and Request for Non-Guideline Sentence [ECF 110], filed September 7, 2018
- Government's Response to Defendant's Sentencing Statements [ECF 151], filed June 12, 2019

Statement by defense counsel.

Defendant sworn. Statement by the defendant.

Statement by government counsel.

Court's sentencing statement, findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**2:29 p.m.     Court in recess.**
**2:53 p.m.     Court in session.**

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in [ECF 44] and [ECF 45] is formally approved;

2. That [ECF 52] is granted;

3. That [ECF 53] is granted and, accordingly, that Counts 2, 3, and 4 of the Indictment are dismissed with prejudice;

4. That the defendant's motion for downward departure, if any, in [ECF 58] is denied;

5. That the defendant's motion for a variance or statutory sentence as requested or reiterated in [ECF 58], [ECF 68], and [ECF 110] is denied;

6. That judgment of conviction is entered on Count 1 of the Indictment;

7. That it is the judgment and sentence of this Court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **84 months**;

8. That upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years;

9. that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the federal district in which he is released;

10. That while on supervised release, the defendant shall comply with the mandatory, standard, and special conditions of supervised release identified on pages R-2 and R-3 of the Sentencing Recommendation [ECF 117-1]:

11. That no fine is imposed;

12. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

13. That the defendant shall pay restitution for the benefit of the victims and in the amounts identified in the Sentencing Recommendation [ECF 117-1], payable in care of the Clerk of the Court in full immediately, failing which, in monthly installments of not less than ten percent of the defendant's gross monthly income as determined periodically by the supervising probation officer; provided, furthermore, interest on restitution is waived;

14. That the Court recommends that the Bureau of Prisons designate the defendant to its official detention facility in FCI Englewood;

15. That presentence confinement credit shall be determined by the Bureau of Prisons; and

16. That the defendant is remanded to the custody of the United States Marshal for imposition and execution of this sentence.

The defendant is formally advised of his right to appeal the sentence imposed by the Court.

**3:23 p.m.      Court in recess.**

Total time in court: 00:53

Hearing concluded.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of Colorado

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>ALAN ALONZO WILLIAMS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:15-cr-00395-REB-1<br>USM Number: 43473-013<br><br>Steven K. Jacobson<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of the Indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2(b) | Bank Fraud | 08/05/2008 | 1 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2 through 4 of the Indictment   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 19, 2019
Date of Imposition of Judgment

*Bob Blackburn*
Signature of Judge

Robert E. Blackburn, Senior United States District Judge
Name and Title of Judge

June 21, 2019
Date

AO 245B  (Rev. 02/18) Judgment in Criminal Case

Judgment — Page 2 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **eighty-four (84) months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
The court recommends that the defendant be designated to FCI Englewood, in Littleton Colorado.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment — Page 3 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **five (5) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in Criminal Case

Judgment — Page 4 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B  (Rev. 02/18) Judgment in Criminal Case

Judgment — Page 5 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless you are in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
2. As directed by the probation officer, you must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information.
4. If the judgment imposes restitution, you must pay the restitution in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay the restitution.
5. You must document all income and compensation generated or received from any source and must provide that information to the probation officer as requested.
6. You must not cause or induce anyone to conduct any financial transaction on your behalf or maintain funds on your behalf.
7. You must not engage in any business activity unless it is approved by the probation officer. All approved business activity must operate under a formal, registered entity, and you must provide the probation officer with the names of the business entities and their registered agents. You must maintain business records for any approved business activity and provide all documentation and records as requested by the probation officer.
8. You must maintain separate personal and business finances and must not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
9. You must participate in a cognitive behavioral treatment (CBT) program as directed by the probation officer until such time as you are released from the program by the probation officer. You must pay the cost of treatment as directed by the probation officer.

Judgment — Page 6 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 1,146,828.28 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| WebBank<br>215 South State Street, Ste. 1000<br>Salt Lake City, UT 84111 |  | $936,828.28 |  |
| Wells Fargo Bank<br>MAC C7301-L25<br>1740 Broadway<br>Denver, CO 80274 |  | $210,000.00 |  |
| **TOTALS** | $ | $ 1,146,828.28 |  |

☒ Restitution amount ordered pursuant to plea agreement  $ 1,146,828.28

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the following page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the    ☐ fine   ☒ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in Criminal Case

Judgment — Page 7 of 7

DEFENDANT: ALAN ALONZO WILLIAMS
CASE NUMBER: 1:15-cr-00395-REB-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

The special assessment and restitution are due immediately. Any unpaid monetary obligations upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALAN ALONZO WILLIAMS,

    Defendant.

## NOTICE OF APPEAL

    Notice is hereby given that Alan Alonzo Williams, defendant in the above named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit the Final Judgment and Commitment Order that was entered in this action on June 19, 2019.

    Dated: June 27, 2019.

    Respectfully submitted,

*s/ Steven K. Jacobson*
Steven K. Jacobson
Rafik and Jacobson LLC
1881 9th St., Suite 315
Boulder, Colorado 80302
Telephone: 303-444-9292
Fax: 303-447-0200
e-mail: steve@collinsrafik.com

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on JUNE 27, 2019, I electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all counsel of record in this case.

*s/ Steven K. Jacobson*
Steven K. Jacobson