**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Robert E. Blackburn**

Criminal Case No. 15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ALAN ALONZO WILLIAMS,

    Defendant.

## ORDER

**Blackburn, J.**

This matter is before me on the **Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal Case** [#164][1] and **Motion for Appointment of Counsel in a Criminal Case** [#166], both filed pro se July 5, 2019, by the defendant, Alan Alonzo Williams.

The fees and costs associated with a direct criminal appeal fall under the standards and procedures set forth under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *United States v. Osuna*, 141 F.3d 1412, 1414 (10th Cir. 1998). Section 3006A(c) provides, "[i]f at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." If a defendant who is entitled to the appointment of CJA counsel "appeals to

---

[1] "[#164]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1

an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28." 18 U.S.C. § 3006A(d)(7).

Mr. Williams' declarations in the motion and the fact that he was appointed and represented by the federal public defender [#7] and CJA counsel [#26, #162] during this proceeding reflect that he is financially unable to pay retained counsel and qualifies for appointment of an attorney under the CJA.  For these reasons, I will grant the Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal Case [#164].

On July 3, 2019, the U.S. Court of Appeals for the Tenth Circuit entered an Order appointing new CJA counsel to represent Mr. Williams on appeal [#162].  Thus, I will deny as moot the Motion for Appointment of Counsel in a Criminal Case [#166].

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal Case** [#164] is granted; and

2.  That the **Motion for Appointment of Counsel in a Criminal Case** [#166] is denied as mooted by the appointment of counsel entered by the U.S. Court of Appeals for the Tenth Circuit on July 3, 2019 [#162].

Dated July 9, 2019 at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

2