IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:15-cr-00395-REB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALAN ALONZO WILLIAMS,

Defendant.

---

**UNOPPOSED MOTION FOR ACCESS TO RESTRICTED DOCUMENTS**

---

Mr. Alan Alonzo Williams, by and through appointed counsel John Parras, moves the Court for access to CM/ECF restricted documents No. 2 (presumably the pretrial services report); Nos. 48, 65, 66, 117 & 118 (PSR filings); and Nos. 77, 91, 92, 98, 99 & 109 (other restricted documents), showing for good cause as follows:

Undersigned counsel was appointed by the Court to review ECF No. 185, a Bureau of Prisons letter to the Court regarding Mr. Williams's sentence computation. Counsel has reviewed the BOP's letter, the Government's response to the BOP letter (ECF No. 190), and several relevant pleadings available through PACER and the CM/ECF system.

A preliminary review of the materials raises a couple of issues of fact that may be relevant to the Court's response to the BOP letter. First, it is not clear from the filings that Mr. Williams was in fact in primary state custody during the time he was housed at the FDC, beginning in March of 2016. The Government's exhibit, ECF Doc. 190-2 p. 8, shows that Mr. Williams appeared before a Broomfield magistrate on March 8, 2016. The magistrate found

probable cause, set bond at $5,000, and set the matter for "Rflg On 3/22/16 At 130". The exhibit further shows that before Mr. Williams's next appearance on March 22, he was taken by federal authorities from the Broomfield jail. The entry states, "Matter Comes On For Filing Of Charges. Deft Does Not Appear. The People State That Federal Officers **Took Custody Of The Deft** From The Broomfield County Jail." (emphasis added). The exhibit shows that a Broomfield warrant for Mr. Williams's arrest followed. It's possible that primary custody transferred to the USM when Mr. Williams was taken from the Broomfield jail, a Broomfield warrant would be needless if custody had not transferred. Furthermore, there does not appear to be any concomitant filings in this case, *United States v. Williams*, No. 1:15-cr-395, seeking a writ of habeas corpus ad prosequendum from this Court for the production of Mr. Williams in federal court for prosecution.

Secondly, it appears that all parties assumed that Mr. Williams was in primary federal custody at the time of sentencing. At the very least his counsel assumed Mr. Williams was in primary custody. In ECF Doc. No. 58 at page 16, defense counsel states, "Mr. Williams probably will not be released from federal custody before his 60th birthday, and – given his pending state cases – his release will likely be delayed further." This statement clearly anticipates that Mr. Williams will serve his federal sentence first. Assuming all parties believed, at the time of sentencing, that Mr. Williams would serve his federal sentence first, then failing to give him federal credit for the time he spent at the FDC during the pendency of this case or in BOP afterward would undermine the intent of the Aurora County judge who subsequently ordered that Mr. Williams's Aurora sentence was "To Run Concurrent To All Federal Sentences." *See* ECF Doc. No. 190-4 p. 13.

For the foregoing reasons, undersigned counsel seeks access to the restricted documents

identified. The documents would be helpful to counsel because they could help counsel better understand whether Mr. Williams was in fact in primary state custody during the time he was housed at the FDC, beginning in March of 2016, and they may provide information about whether the parties believed or assumed that Mr. Williams was in primary federal custody at the time of his federal sentencing, when arguments were made regarding an appropriate sentence in this case.

Mr. Williams prays this Court grant undersigned counsel access to the restricted items so that he may respond to the Court with a more informed position regarding the BOP letter.

Respectfully submitted,

s/ *John Parras*
John Parras Law Office

PO BOX 202647
Denver, CO 80220
(303) 600-3676
jparras@mac.com

## CERTIFICATE OF CONFERENCE

I certify that I consulted with Assistant United States Attorney Martha Paluch who stated that the Government is **unopposed** to the relief requested.

s/ John Parras
John Parras

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, the following was served with a true and correct copy of the foregoing as indicated:

1. Martha Paluch, Assistant United States Attorney,
   by CM/ECF filing and electronic mail to Martha.Paluch@usdoj.gov

   and

2. Mr. Alan Alonzo Williams, Defendant,
   by United States Mail to:
   Mr. Alan Alonzo Williams
   No. 43473-013
   FCI FLORENCE
   FEDERAL CORRECTIONAL INSTITUTION
   PO BOX 6000
   FLORENCE, CO  81226.

s/ John Parras
John Parras