## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No.  15-cr-00395-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALAN ALONZO WILLIAMS,

    Defendant.

## ORDER

**Blackburn, J.**

The matters before me are two letters ([#179],[1] filed June 3, 2021, and [#180], filed June 21, 2021) filed pro se by defendant Alan Alonzo Williams.[2]  I construe the letters as motions which request (1) copies of the judgment and "commitment papers" in Mr. Williams's case; and (2) amendment of the judgment to reflect the amount of time Mr. Williams spent in presentence confinement.  Thus construed, I grant the request to forward Mr. Williams a copy of the judgment, deny the request for copies of Mr. Williams's "commitment papers" as moot, and deny the request to amend the judgment for lack of jurisdiction.

---

[1]  "[#179]" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  The court uses this convention throughout this order.

[2]  Because Mr. Williams is proceeding pro se, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Mr. Williams requests the court send him a copy of the judgment and "commitment papers" in this case, which he believes will reflect "that my sentence started on June 19th, 2019, the day of sentencing, along with presentence confinement credits of eleven hundred eighty-five (1185) days that were ordered by the judge." (**Letter** at [#179].)  I am happy to send Mr. Williams a copy of the judgment and will order the clerk to do so.

On the other hand, there are no documents on the court's docket which might qualify as "commitment papers."  Mr. Williams appears to refer to administrative documents relevant to his presentence incarceration, which to the extent they may exist, I assume are in the possession or control of the Bureau of Prisons.  I thus deny this aspect of his motion as moot.

Moreover, Mr. Williams is mistaken in his supposition that the judgment reflects any opinion by this court as to the amount presentence confinement credit to which Mr. Williams might be entitled.  Indeed, in the federal system, the court is without jurisdiction to do so.  **See United States v. Wilson**, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992) (interpreting 18 U.S.C. § 3585(b)).  That determination is for the Attorney General, operating through the aegis of the Bureau of Prisons, and made only after, not prior to or in connection with, sentencing.  **Id.** 112 S.Ct. at 1354-55; **United States v. Jenkins**, 38 F.3d 1143, 1144 (10th Cir. 1994).  The court therefore not only has no role in the computation of presentence credit, it affirmatively lacks jurisdiction to make such a determination.[3]  **Jenkins**, 38 F.3d at 1144.  I thus deny the motion seeking

---

[3] By contrast, in Colorado, district courts are required by statute to determine at the time of sentencing the amount of presentence credit to which a defendant is entitled.  **See** §18-1.3-405, C.R.S.; **Edwards v. People**, 196 P.3d 1138, 1144 (Colo.2008); **People v. Roy**, 252 P.3d 24, 27 (Colo. App. 2010).

to amend the judgment for lack of jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1. That theletter [#179], filed June 3, 2021, pro se by Mr. Williams, construed as a motion, seeking copies of certain documents, is granted in part and denied in moot in part as follows:

    a. That the motion is granted to the extent it seeks a copy of the **Judgment** [#155], filed June 21, 2019, and the clerk shall mail a copy to Mr. Williams; and

    b. That the motion is denied as moot to the extent it seeks copies of any "commitment papers" relevant to this case; and

2. That the letter [#180], filed June 21, 2021, pro se by Mr. Williams, construed as a motion to amend the judgment, is denied for lack of jurisdiction.

Dated May 5, 2023, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

3